EDMUND E. CASE *vs.* AUSTIN BALDWIN & others.

Hampden. Sept. 25. — Nov. 28, 1883. FIELD & W. ALLEN, JJ., absent.

An article was delivered in Paris, France, to L., who was engaged in the express business, for carriage to S. in this Commonwealth. The receipt issued by L. was headed " American-European Express," with the name of B. in the margin. The bill rendered by B. for the carriage of the article was also headed " American-European Express," gave on one side the address of American " Branch Offices," on the other side had the words, " Foreign Agencies: Paris," and charged the whole freight from Paris to S. A letter from B., written after the delivery at S., stated that " the American-European Express is not a corporation. The proprietors in Paris are L., and in New York, B." In an action against B. for injury done to the article in the course of carriage from Paris to S., the jury found for the plaintiff, and also found specially that B. was jointly interested with L. in the express business from Paris. *Held*, that the finding was warranted by the evidence.

HOLMES, J. This is an action of contract, seeking to charge the defendants, as common carriers, for damage done to a picture in the course of carriage from Paris, France, to Springfield, in this Commonwealth. A count against them as custom-house brokers was added at the trial, but nothing turns on it. The jury found for the plaintiff, and also found specially that the defendants were jointly interested with Lherbette, Kane, and Company (to whom the picture was delivered in Paris) in the express business from Paris. This finding makes it unnecessary to consider anything except the ruling that there was evidence to warrant it. For the jury were instructed that, in order to recover upon the original declaration, the plaintiff must satisfy them that the contract made by him in Paris was made either with the defendants alone, or with some one jointly with them.

And, if the jury were warranted in finding as they did, the liability of the defendants necessarily follows.

It was suggested, to be sure, that the defendants might be jointly interested, and yet not partners or liable; for instance, as one of a line of carriers who collected their freight jointly at the end of the transit, and yet were each responsible only for what happened while the goods were on his part of the line. Whether, if that had been the relation of the defendants to Lherbette, Kane, and Company, they could be said, in any sense, to be jointly interested in the express business from Paris, we need not discuss, as we are satisfied that the question could not have been understood or answered in that sense, but that the jury meant to find that Lherbette, Kane and Company, in making their contract, were acting on behalf of the defendants as well as of themselves. And we think that there was ample evidence to warrant the jury in such a finding, although we might not find so ourselves upon the printed statement, in view of the defendants' express denial of authority.

The jury had a right to believe the defendants' admissions and to disbelieve their statements to the contrary. The defendants' bill for this very picture was headed " American-European Express," gave on one side the address of American " Branch Offices," on the other had the words, " Established 1848. Foreign Agencies: Paris," &c., and charged the whole freight from Paris to Springfield. Their letter of August 23, 1882, written after the injury to the picture, states that " The American-European Express is not a corporation. The proprietors . . . . in Paris and Havre [are] Lherbette, Kane, & Co.; and in New York, Baldwin Bros. & Co." These facts were evidence upon which the jury were at liberty to find that the receipt issued by Lherbette, Kane, and Company headed " American-European Express," and with the names of Baldwin Bros. & Co. in the margin, was issued on their behalf and by their authority. This disposes of the only questions which were argued before us, or which seem to be open.                    *Exceptions overruled.*

*T. G. Spaulding*, for the defendants.

*N. A. Leonard & G. Wells*, for the plaintiff.